Paul D. Wexler (PW 9340)
BRAGAR WEXLER & EAGEL, P.C.
885 Third Avenue
New York, New York 10022
(212) 308-5858

Glenn F. Ostrager (GO 2023)
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
570 Lexington Avenue
New York, New York 10022-6894
(212) 681-0600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON S. SEGEN, derivatively on behalf of IMMUNOSYN CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ARGYLL BIOTECHNOLOGIES, LLC, CUXHAVEN HOLDINGS LTD., CLAIRSVELLE HOLDINGS, LTD, ARGYLL EQUITIES, LLC, DOUGLAS MCCLAIN, JR., JAMES T. MICELI, JOHN DOES 1 THROUGH 30 and IMMUNOSYN CORPORATION,<br><br>    Defendants. | Civil Action No. 07 cv 11395<br><br><br>**COMPLAINT**<br><br>(*Jury Trial Demanded*) |

LEON S. SEGEN ("Segen"), by his attorneys, Bragar Wexler & Eagel, P.C. and

Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, alleges upon information

and belief as to all paragraphs except paragraph 1, as follows:

1.      Plaintiff Segen is a New York resident who is the owner of common stock of Immunosyn Corporation ("Immunosyn" or the "Company").

2.      Immunosyn, a nominal defendant herein, is a Delaware corporation with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037.

3.      Defendant Argyll Biotechnologies, LLC ("Argyll Biotechnologies") is a Delaware limited liability company, with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. Defendant Douglas McClain, Jr. ("McClain") is the President of Argyll Biotechnologies and defendant James T. Miceli ("Miceli") is the Chief Executive Officer of Argyll Biotechnologies.

4.      Defendant Cuxhaven Holdings Ltd. ("Cuxhaven") is a British Virgin Islands company, with its principal place of business at c/o Nunley Davis Jolley Cluck Aelvoet LLP, 1580 South Main Street, Suite 200, Boerne, Texas 78006. Miceli controls and beneficially owns 100% of Cuxhaven.

5.      Defendant Clairsvelle Holdings, Ltd. ("Clairsvelle") is a British Virgin Islands company, with its principal place of business at c/o Nunley Davis Jolley Cluck Aelvoet LLP, 1580 South Main Street, Suite 200, Boerne, Texas 78006. McClain controls and beneficially owns 100% of Clairsvelle.

6.      Defendant Argyll Equities, LLC ("Argyll Equities") is a Texas limited liability company, with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. McClain and Miceli jointly own Argyll Equities. McClain is the President of Argyll Equities, and Miceli is the Chief Executive Officer of Argyll Equities.

2

7.    Defendant McClain is a United States citizen, with a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037.  McClain is the President of Argyll Biotechnologies and Argyll Equities.  McClain owns 100% of Clairsvelle and also owns 45% of Padmore Holdings, Ltd. ("Padmore"), a holding company established by McClain, McClain's father, and Miceli to hold shares of Immunosyn.

8.    Defendant Miceli is a United States citizen, with a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037.  Miceli is the Chief Executive Officer of Argyll Biotechnologies and Argyll Equities.  Miceli owns 100% of Cuxhaven and also owns 45% of Padmore.

9.    John Does 1 through 30 are transferees of Cuxhaven and Clairsvelle, who are identified in Schedule 13D filings made by the named defendants as friends and family members of McClain and Miceli who received and sold shares of Immunosyn.  John Does 1 through 10 are deemed to be members of a group with the named defendants, and as such, each of John Does 1 through 30 are greater than 10% beneficial owners of Immunosyn and subject to the short-swing profit recapture provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended.

**Jurisdiction and Venue**

10.    This action is brought derivatively on behalf of Immunosyn pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78p ("§16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute.  Jurisdiction of this court and venue in this district are proper pursuant to 15 U.S.C. §78(a)(a).

3

### The Governing Law

11.    Section 16(b) of the Exchange Act provides that if an officer, director or beneficial owner of more than 10 percent of a class of equity securities of an issuer, purchases and sells or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

12.    Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act, such persons are deemed to be a "group" for purposes of determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits which such group member earned in stock transactions effected within a six-month period.

### CLAIM FOR RELIEF

13.    Defendants Argyll Biotechnologies, Cuxhaven, Clairsvelle, Argyll Equities, McClain, Miceli and John Does 1 through 30 (collectively, the "Argyll Group"), constitute a group under §13(d)(3) of the Exchange Act and garnered short-swing profits disgorgeable to Immunosyn in the transactions hereinafter set forth.  At all relevant times, Argyll Biotechnologies, McClain and Miceli separately were greater than 10% beneficial owner of

4

Immunosyn common stock.  Additionally, defendant McClain is an Immunosyn statutory insider by virtue of his status as an officer and director of the Company.

### The Purchase Transactions

14.    On August 23, 2007, Argyll Biotechnologies purchased 33,000 shares of Company common stock at a price per share of $4.55.

15.    On August 23, 2007, Argyll Biotechnologies purchased 80,000 shares of Company common stock at a price per share of $5.00.

16.    On June 21, 2007, Argyll Equities purchased 2,700,000 shares of Company common stock at a price per share of $0.001.

17.    On August 24, 2007, Argyll Equities purchased 250,000 shares of Company common stock at a price per share of $0.001.

### Matchable Sales by Argyll Equities

18.    On April 26, 2007, Argyll Equities sold 1,144,000 shares of Company common stock at a price per share of $4.55, resulting in disgorgeable short-swing profits of $5,205,000.

19.    On April 26, 2007, Argyll Equities sold 37,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $185,000.

20.    On April 26, 2007, Argyll Equities sold 9,900 shares of Company common stock at a price per share of $5.05, resulting in disgorgeable short-swing profits of $49,995.

5

21.     On August 23, 2007, Argyll Equities sold 73,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $365,000.

22.     On October 3, 2007, Argyll Equities sold 37,500 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $187,500.

23.     On October 3, 2007, Argyll Equities sold 37,036 shares of Company common stock at a price per share of $7.50, resulting in disgorgeable short-swing profits of $277,770.

24.     On October 18, 2007, Argyll Equities sold 23,500 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $117,500.

25.     On October 18, 2007, Argyll Equities sold 249,000 shares of Company common stock at a price per share of $10.00, resulting in disgorgeable short-swing profits of $2,490,000.

## Matchable Sales by Argyll Biotechnologies

26.     On April 26, 2007, Argyll Biotechnologies sold 77,000 shares of Company common stock at a price per share of $3.25, resulting in disgorgeable short-swing profits of $250,250.

27.     On April 26, 2007, Argyll Biotechnologies sold 166,100 shares of Company common stock at a price per share of $4.55, resulting in disgorgeable short-swing profits of $755,755.

28.     On April 26, 2007, Argyll Biotechnologies sold 124,000 shares of Company common stock at a price per share of $4.84, resulting in disgorgeable short-swing profits of $600,160.

29.     On April 26, 2007, Argyll Biotechnologies sold 45,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $225,000.

30.     On July 20, 2007, Argyll Biotechnologies sold 127,100 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $635,500.

31.     On July 20, 2007, Argyll Biotechnologies sold 4,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $20,000.

32.     On October 3, 2007, Argyll Biotechnologies sold 375,000 shares of Company common stock at a price per share of $0.67, resulting in disgorgeable short-swing profits of $251,250.

33.     On October 3, 2007, Argyll Biotechnologies sold 25,000 shares of Company common stock at a price per share of $2.00, resulting in disgorgeable short-swing profits of $50,000.

34.     On October 3, 2007, Argyll Biotechnologies sold 119,400 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $597,000.

35.     On October 3, 2007, Argyll Biotechnologies sold 140,202 shares of Company common stock at a price per share of $7.50, resulting in disgorgeable short-swing profits of $1,051,515.

36.     On October 18, 2007, Argyll Biotechnologies sold 1,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $5,000.

37.     On October 18, 2007, Argyll Biotechnologies sold 114,067 shares of Company common stock at a price per share of $7.50, resulting in disgorgeable short-swing profits of $855,502.50.

38.     On October 24, 2007, Argyll Biotechnologies sold 16,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $80,000.

39.     Each of the matchable sales by Argyll Biotechnologies separately results in disgorgeable profits owed by McClain and Miceli in the event that the sales by Argyll Biotechnologies are not matchable with the purchases by Argyll Equities.

40.     The August 23, 2007 purchases by Argyll Biotechnologies separately result in disgorgeable short-swing profits of $297,350 when matched with sales by Argyll Biotechnologies on October 3, 2007.

**Sales by John Does 1 through 30**

41.     On April 26, 2007, Cuxhaven disposed of 7,290,000 shares of Company common stock to approximately twenty-one (21) personal acquaintances and relatives of Miceli

for no consideration. Each of such persons is believed to have disposed of his or her shares and may be liable for short-swing profits as members of the Argyll Group.

42.    On June 21, 2007, Clairsvelle disposed of 760,000 shares of Company common stock to approximately nine (9) personal acquaintances and relatives of McClain for no consideration. Each of such persons is believed to have disposed of his or her shares and may be liable for short-swing profits as members of the Argyll Group.

### As And For A Claim for Relief

43.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42, *supra*, as if fully set forth herein.

44.    As itemized in paragraphs 18 through 42, *supra*, defendants are liable for the short-swing profits realized in trading in Immunosyn securities. These transactions yield short-swing profits of approximately $14,254,897 that defendants must disgorge to Immunosyn pursuant to §16(b).

45.    Additional damages may be assessed against defendants as a result of additional purchases and sales of Immunosyn securities of which plaintiff is not aware.

46.    Accordingly, plaintiff is entitled to damages on behalf of Immunosyn in an amount which cannot be ascertained with precision at this time, but at least $14,254,897.

### Allegations As To Demand

47.    On or about October 30, 2007, plaintiff made demand upon Immunosyn to commence this lawsuit. The Company has failed to do so. In a letter dated December 17, 2007,

counsel for Immunosyn advised that the Company had reached a resolution of the claims set forth herein.

        **WHEREFORE**, plaintiff demands judgment on behalf of Immunosyn Corporation against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       December 19, 2007

                   Yours, etc.

                   BRAGAR WEXLER & EAGEL, P.C.

                   By:_____
                      Paul D. Wexler ( PDW9340 )

                   885 Third Avenue
                   New York, New York 10022
                   (212) 308-5858

                   OSTRAGER CHONG FLAHERTY
                     & BROITMAN P.C.

                   570 Lexington Avenue
                   New York, New York 10022-6894

                   Attorneys for Plaintiff