Barry G. Felder
Catherine M. McGrath
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants Argyll Biotechnologies, LLC, Argyll Equities, LLC,
Cuxhaven Holdings, Ltd., Clairsvelle Holdings, Ltd., James T. Miceli
and Douglas McClain, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
LEON S. SEGEN, derivatively on behalf of      :
IMMUNOSYN CORPORATION,                         :
                                               :
                    Plaintiff,                 :
                                               :        Civil Action No. 07-11395 (TPG)
           -against-                           :
                                               :
ARGYLL BIOTECHNOLOGIES, LLC,                   :        **ANSWER OF DEFENDANTS ARGYLL**
CUXHAVEN HOLDINGS, LTD,                        :        **BIOTECHNOLOGIES, LLC AND**
CLAIRSVELLE HOLDINGS, LTD., ARGYLL             :        **ARGYLL EQUITIES, LLC TO**
EQUITIES, LLC, DOUGLAS MCCLAIN, JR.,           :        **PLAINTIFF'S COMPLAINT**
JAMES T. MICELI, JOHN DOES 1 THROUGH           :
30 and IMMUNOSYN CORPORATION,                  :
                                               :
                    Defendants.                :
---------------------------------------------------------- x

Defendants Argyll Biotechnologies, LLC and Argyll Equities, LLC ("Defendants"), by their attorneys, Thelen Reid Brown Raysman & Steiner LLP, respond to Plaintiff's complaint (the "Complaint") as follows:

1.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.  Defendants admit the allegations in paragraph 2 of the Complaint.

3.  Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants deny that James T. Miceli "controls" Cuxhaven Holdings, Ltd., but admit the remainder of the allegations in paragraph 4 of the Complaint.

5. Defendants deny that Douglas McClain, Jr. "controls" Clairsvelle Holdings, Ltd., but admit the remainder of the allegations in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants deny that Padmore Holdings, Ltd. was established specifically to hold shares of Immunosyn, but admit the remainder of the allegations in paragraph 7 of the Complaint.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint and respectfully refer the Court to Defendants' Schedule 13D filings for their contents and legal implications.

10. Defendants admit that Plaintiff has asserted claims pursuant to 15 U.S.C. § 78p, but deny the remainder of the allegations in paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, Defendants state that the allegations therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, Defendants deny the allegations in paragraph 11 and respectfully refer the Court to the cited statute for its contents and legal effect.

12. In response to paragraph 12 of the Complaint, Defendants state that the allegations therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, Defendants deny the allegations in paragraph 12 and respectfully refer the Court to the cited rule for its contents and legal effect.

13. Defendants deny the allegations in paragraph 13 of the Complaint, except admit that Douglas McClain, Jr. is an officer and director of Immunosyn Corporation and admit that

Douglas McClain, Jr., James T. Miceli and Argyll Biotechnologies, LLC each were and have been the beneficial owners of 10% or more of the common stock of Immunosyn Corporation since its formation.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint, except admit that the sale of stock described therein occurred.

19. Defendants deny the allegations in paragraph 19 of the Complaint, except admit that the sale of stock described therein occurred.

20. Defendants deny the allegations in paragraph 20 of the Complaint, except admit that the sale of stock described therein occurred.

21. Defendants deny the allegations in paragraph 21 of the Complaint, except admit that the sale of stock described therein occurred.

22. Defendants deny the allegations in paragraph 22 of the Complaint, except admit that the sale of stock described therein occurred.

23. Defendants deny the allegations in paragraph 23 of the Complaint, except admit that the sale of stock described therein occurred.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except admit that the sale of stock described therein occurred.

25. Defendants deny the allegations in paragraph 25 of the Complaint, except admit that the sale of stock described therein occurred.

26. Defendants deny the allegations in paragraph 26 of the Complaint, except admit that the sale of stock described therein occurred.

27. Defendants deny the allegations in paragraph 27 of the Complaint, except admit that the sale of stock described therein occurred.

28. Defendants deny the allegations in paragraph 28 of the Complaint, except admit that the sale of stock described therein occurred.

29. Defendants deny the allegations in paragraph 29 of the Complaint, except admit that the sale of stock described therein occurred.

30. Defendants deny the allegations in paragraph 30 of the Complaint, except admit that the sale of stock described therein occurred.

31. Defendants deny the allegations in paragraph 31 of the Complaint, except admit that the sale of stock described therein occurred.

32. Defendants deny the allegations in paragraph 32 of the Complaint, except admit that on October 3, 2007, Argyll Biotechnologies, LLC sold 375,000 shares of Immunosyn stock.

33. Defendants deny the allegations in paragraph 33 of the Complaint, except admit that the sale of stock described therein occurred.

34. Defendants deny the allegations in paragraph 34 of the Complaint, except admit that the sale of stock described therein occurred.

35. Defendants deny the allegations in paragraph 35 of the Complaint, except admit that the sale of stock described therein occurred.

36. Defendants deny the allegations in paragraph 36 of the Complaint, except admit that the sale of stock described therein occurred.

37. Defendants deny the allegations in paragraph 37 of the Complaint, except admit that the sale of stock described therein occurred.

38. Defendants deny the allegations in paragraph 38 of the Complaint, except admit that the sale of stock described therein occurred.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants admit the allegations in paragraph 41 of the Complaint that on April 26, 2007, Cuxhaven Holdings, Ltd. disposed of 7,290,000 shares of common stock in Immunosyn Corporation to approximately 21 personal acquaintances and relatives of James T. Miceli for no consideration, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that "[e]ach of such persons is believed to have disposed of his or her shares," and deny the remainder of the allegations in paragraph 41 of the Complaint.

42. Defendants admit the allegations in paragraph 42 of the Complaint that on June 21, 2007, Clairsvelle Holdings, Ltd. disposed of 760,000 shares of common stock in Immunosyn Corporation to approximately nine personal acquaintances and relatives of Douglas McClain, Jr. for no consideration, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that "[e]ach of such persons is believed to have disposed of his or her shares," and deny the remainder of the allegations in paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, Defendants repeat and reallege the foregoing responses to paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants admit the allegations in paragraph 47 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

48. Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

49. Defendant Argyll Biotechnologies, LLC's August 23, 2007 acquisition of Immunosyn Corporation shares was a transfer for no consideration to correct a clerical error by the transfer agent and was not a "purchase" under Section 16(b) of the Securities Exchange Act.

## THIRD AFFIRMATIVE DEFENSE

50. Defendant Argyll Equities, LLC's acquisitions of Immunosyn Corporation shares on June 21, 2007 and August 24, 2007 were rescissions or forfeitures of prior transactions and were not "purchases" under Section 16(b) of the Securities Exchange Act.

## THIRD AFFIRMATIVE DEFENSE

51. The alleged purchases by Argyll Equities, LLC occurred pursuant to agreements entered more than six months prior to any of the alleged sales such that Defendants did not both purchase and sell shares of Immunosyn Corporation within a period of six months.

## FOURTH AFFIRMATIVE DEFENSE

52. The alleged purchases by defendant Argyll Equities, LLC are exempt from Section 16 liability, if any, pursuant to 240 C.F.R § 16b-3 because Argyll Equities, LLC, acting as a director-by-deputization of Immunosyn Corporation, acquired its right to obtain the shares at issue and its obligation to pay for them from Immunosyn Corporation.

## FIFTH AFFIRMATIVE DEFENSE

53. Defendants do not constitute a "group" for purposes of Section 16(b) of the Securities Exchange Act.

6

## SIXTH AFFIRMATIVE DEFENSE

54.     Each of the alleged purchases by Argyll Equities, LLC was the exercise of an option to repurchase the shares at issue, and therefore the purchase price for purposes of calculating short-swing profits, if any, under Section 16(b) is the market price of the shares at the time of the exercise of the options rather than the exercise price.

WHEREFORE, Defendants demand judgment:

a.     dismissing the Complaint in its entirety; and

b.     awarding to Defendants such other and further relief as the Court deems just and proper.

Dated: April 1, 2008

THELEN REID BROWN RAYSMAN
& STEINER LLP

By: *s/ Barry G. Felder*
       Barry G. Felder
       Catherine M. McGrath
       875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants Argyll Biotechnologies, LLC, Argyll Equities, LLC, Cuxhaven Holdings, Ltd., Clairsville Holdings, Ltd., James T. Miceli and Douglas McClain, Jr.

NY #1246961 v1