Barry G. Felder
Catherine M. McGrath
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants Argyll Biotechnologies, LLC, Argyll Equities, LLC,
Cuxhaven Holdings, Ltd., Clairsvelle Holdings, Ltd., James T. Miceli
and Douglas McClain, Jr.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
LEON S. SEGEN, derivatively on behalf of   :
IMMUNOSYN CORPORATION,
   :
   :
          Plaintiff,   :
   :     Civil Action No. 07-11395 (TPG)
         -against-   :
   :
ARGYLL BIOTECHNOLOGIES, LLC,   :
CUXHAVEN HOLDINGS, LTD.,   :
CLAIRSVELLE HOLDINGS, LTD., ARGYLL  :
EQUITIES, LLC, DOUGLAS MCCLAIN, JR.,  :
JAMES T. MICELI, JOHN DOES 1 THROUGH :
30 and IMMUNOSYN CORPORATION,   :
   :
         Defendants.   :
------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANTS CUXHAVEN HOLDINGS, LTD., CLAIRSVELLE HOLDINGS, LTD., DOUGLAS McCLAIN, JR. AND JAMES T. MICELI FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ....................................................................................................1

ARGUMENT

    Plaintiff's Vague and Insufficient Claims With Respect to Alleged
    Dispositions by the John Doe Defendants Must Be Dismissed..........................................3

CONCLUSION ....................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly,*
    127 S.Ct. 1955 (2007)..................................................................................................3

*Donoghue v. Golden State Bancorp Inc.,*
    No. 02-2404, 2003 WL 22251338 (S.D.N.Y. Sept. 30, 2003) ................................4

*Roth v. Jennings,*
    489 F.3d 499 (2d Cir. 2007) ....................................................................................4

*Schaffer v. CC Invs., LDC,*
    115 F. Supp. 2d 440 (S.D.N.Y. 2000) ..................................................................4, 5

**Statutes and Rules**

Securites Exchange Act, Section 16(b), 15 U.S.C. § 78p(b) (2008) ..........................3, 4

Securites Exchange Act, Section 13(d), 15 U.S.C. § 78m (2008)................................4

240 C.F.R. § 16a-1(a)(2) (2008)..................................................................................4

Fed. R. Civ. P. 12(b).................................................................................................3, 4

Defendants Cuxhaven Holdings, Ltd., Clairsvelle Holdings, Ltd., Douglas McClain, Jr. and James T. Miceli ("Defendants"), by their attorneys, Thelen Reid Brown Raysman & Steiner LLP, submit this memorandum of law in support of their motion for partial dismissal of the plaintiff's Complaint.

## PRELIMINARY STATEMENT

In this action under Section 16(b) of the Securities Exchange Act, plaintiff asserts a claim on behalf of nominal defendant Immunosyn Corporation to recover alleged short-swing profits purportedly received by the Defendants in connection with the alleged purchase and sale of shares of Immunosyn Corporation. Plaintiff speculates in his Complaint that certain shares of Immunosyn Corporation that defendants Cuxhaven Holdings, Ltd. and Clairsvelle Holdings, Ltd. gifted to various individuals are "believed" to have been disposed of by those individuals (on an unknown date and for an unknown price) and, further, that such disposition "may" have resulted in liability for the Defendants. Plaintiff's vague, speculative and conclusory allegations concerning the gifted shares fail to meet the minimum pleading standard to state a claim under Section 16(b) and, as such, plaintiff's claim for short-swing profits arising from these gifts must be dismissed.

## STATEMENT OF FACTS

As alleged in plaintiff's Complaint ("Compl."), defendants James T. Miceli ("Miceli") and Douglas McClain, Jr. ("McClain") jointly own and are officers of defendants Argyll Equities, LLC ("Argyll Equities") and Argyll Biotechnologies, LLC ("Argyll Bio"), each of which is a privately held company that owns and has sold the stock of Immunosyn Corporation ("Immunosyn"). (Compl. ¶¶ 3, 6, 18-40.) McClain is also an officer and director of Immunosyn. (Compl. ¶ 13.). In addition, Miceli owns one hundred percent of defendant Cuxhaven Holdings, Ltd. ("Cuxhaven"), and McClain owns one hundred percent of defendant

Clairsvelle Holdings, Ltd. ("Clairsvelle"). (Compl. ¶¶ 4, 5.) Cuxhaven and Clairsvelle each own

shares of Immunosyn. Presumably based on the common ownership of the corporate defendants

and alleged control of these entities by Miceli and McClain, plaintiff concludes that Miceli,

McClain, Argyll Equities, Argyll Bio, Cuxhaven and Clairsvelle form a "group" for purposes of

Section 13(d) of the Securities Exchange Act. (Compl. ¶ 13.)

Plaintiff further alleges that Argyll Equities and Argyll Bio "purchased" specified

quantities of Immunosyn stock on various dates between June 21, 2007 and August 24, 2007 at

prices ranging from $0.001 to $5.00 per share (Compl. ¶¶ 14-17) and that Argyll Equities and

Argyll Bio made "matching" sales of Immunosyn stock on various dates between April 26, 2007

and October 24, 2007 at prices ranging from $0.67 to $10.00 per share (Compl. ¶¶ 18-40).

Plaintiff's only additional *factual* allegations are that on April 26, 2007, Cuxhaven gave

7,290,000 shares of Immunosyn to twenty-one personal acquaintances and relatives of Miceli for

no consideration and that, on June 21, 2007, Clairsvelle gave 760,000 shares of Immunosyn to

nine personal acquaintances and relatives of McClain for no consideration. (Compl. ¶¶ 41, 42.)

Venturing into the realm of pure speculation, plaintiff then alleges, with respect to each of these

thirty gift recipients (the "John Doe Defendants"), that "[e]ach of such persons *is believed* to

have disposed of his or her shares and *may be* liable for short-swing profits as members of the

Argyll Group." (Compl. ¶¶ 41, 42 (emphasis added).) Plaintiff does not allege the dates of the

imagined dispositions, the quantities of Immunosyn shares allegedly disposed of, or the sale

prices. Nor does plaintiff give any hint as to the basis for his alleged belief that each of the gift

recipients "disposed of his or her shares." Further, plaintiff does not allege any facts that might

serve as a basis for plaintiff's conclusion that the John Doe Defendants are members of the

alleged "Argyll Group."

2

By the instant motion, Defendants[1] seek dismissal of plaintiff's claims related to the alleged disposition of shares gifted by Cuxhaven and Clairsvelle to the John Doe Defendants on the basis that those claims are vague and speculative and fail to state a claim upon which relief may be granted.

**ARGUMENT**

**PLAINTIFF'S VAGUE AND INSUFFICIENT CLAIMS
WITH RESPECT TO ALLEGED DISPOSITIONS BY
THE JOHN DOE DEFENDANTS MUST BE DISMISSED**

As the purported basis for 16(b) liability in connection with the gifts of Immunosyn shares by Clairsvelle and Cuxhaven, plaintiff cites the fact of the gifts, that the gifts were made to friends and relatives of McClain and Miceli, and that the donees may possibly have disposed of the gifted shares at a some unknown later date. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations and quotations omitted). The allegations here are plainly insufficient to meet this standard.

To state a claim under Section 16(b) of the Securities Exchange Act, plaintiff must allege: (1) a purchase and sale or sale and purchase of an issuer's securities (2) within a six-month period (3) by an officer, director or beneficial owner (4) resulting in profits realized by that officer, director or beneficial owner. *See* 15 U.S.C. § 78p(b). Beneficial ownership – *i.e.*

---

[1] This motion is brought only by defendants Miceli, McClain, Cuxhaven and Clairsvelle because there is no discernable connection between Argyll Bio and Argyll Equities on the one hand and the John Doe Defendants on the other that could conceiveably result in liability for Argyll Bio or Argyll Equities based on the alleged John Doe dispositions. To the extent plaintiff means to impose liability on Argyll Bio or Argyll Equities arising from the alleged John Doe dispositions, Argyll Bio and Argyll Equities join in this motion for the reasons stated herein.

3

direct or indirect ownership of at least ten percent of the issuer's shares – can arise from membership in a "group," defined in Section 13(d) of the Securities Exchange Act to include those who act together "for the purpose of acquiring, holding, or disposing of securities of an issuer." *See* 15 U.S.C. §§ 78m, 78p. However, in order to incur short-swing liability under Section 16(b), a person, regardless of group membership, must have a pecuniary interest in the profits from the purchase and sale transactions at issue. *See* 240 C.F.R. § 16a-1(a)(2).

Thus, plaintiff, to state a claim here, must sufficiently allege: (a) that the John Doe Defendants are part of a "group" with the other defendants in the action such that they may be deemed "beneficial owners" of Immunosyn; (b) that the John Doe Defendants actually sold the gifted securities within six months of a purchase by other group members; and (c) that any of the defendants upon whom plaintiff seeks to impose liability had a "pecuniary interest" in the alleged profits received by the John Doe Defendants. The failure to allege any one of these elements is reason to dismiss the claim. *See Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) (dismissing 16(b) claims against one defendant where plaintiff failed to allege that defendant had any pecuniary interest in alleged profits received by co-defendant and denying request for discovery based on mere speculation that a pecuniary interest might be revealed thereby); *Donoghue v. Golden State Bancorp Inc.*, No. 02-2404, 2003 WL 22251338 at *1 (S.D.N.Y. Sept. 30, 2003) (Griesa, J.) (dismissing Section 16(b) claim where complaint failed to allege specific purchase date or dates); *Schaffer v. CC Invs., LDC*, 115 F. Supp. 2d 440, 444 (S.D.N.Y. 2000) (holding conclusory allegations of group membership unsupported by factual allegations were insufficient to withstand dismissal under Rule 12(b)(6)).

Here, plaintiff has alleged no facts whatsoever to support *any* of these elements. With respect to group membership of the John Doe Defendants, plaintiff merely concludes that they

4

are members of a group with the other defendants without factual support. Plaintiff also cannot pinpoint or even estimate a date for the purported disposition of shares by the John Doe Defendants, nor does plaintiff cite any basis for his belief that these dispositions occurred. Such speculative allegations based on information and belief are insufficient to support a claim. *See Schaffer*, 115 F. Supp. 2d at 444 (holding conclusory allegations on "information and belief" insufficient to support a Section 16(b) claim where complaint failed to indicate source of information or reason for belief). Further, plaintiff cites no facts to support even an inference that Cuxhaven, Clairsvelle, Miceli, McClain or any other defendant has a pecuniary interest, direct or indirect, in purported profits received by the John Doe Defendants. Accordingly, Plaintiff's vague and conclusory allegations concerning the Clairsvelle and Cuxhaven gifts fail to state a claim under Section 16(b) and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that plaintiff's claims with respect to shares gifted to the the John Doe Defendants be dismissed in their entirety and that the Court grant such other and further relief to Defendants as the Court deems just and proper.

Dated: April 1, 2008

THELEN REID BROWN RAYSMAN
& STEINER LLP


By: *s/  Barry G. Felder*
    Barry G. Felder
    Catherine M. McGrath
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants Argyll Biotechnologies, LLC, Argyll Equities, LLC, Cuxhaven Holdings, Ltd., Clairsvelle Holdings, Ltd., James T. Miceli and Douglas McClain, Jr.

NY #1248582 v1

5