Paul D. Wexler
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Avenue
New York, New York 10022
(212) 308-5858

Glenn F. Ostrager
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
570 Lexington Avenue
New York, New York 10022-6894
(212) 681-0600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON S. SEGEN, derivatively on behalf of IMMUNOSYN CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>ARGYLL BIOTECHNOLOGIES, LLC, ARGYLL EQUITIES, LLC, DOUGLAS MCCLAIN, JR., JAMES T. MICELI, and IMMUNOSYN CORPORATION,<br><br>      Defendants. | Civil Action No. 07-11395 (TPG)<br><br><br>**AMENDED COMPLAINT**<br><br>(*Jury Trial Demanded*) |

LEON S. SEGEN ("Segen"), by his attorneys, Bragar Wexler Eagel & Squire,

P.C. and Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, alleges upon

information and belief as to all paragraphs except paragraph 1, as follows:

      1.     Plaintiff Segen is a New York resident who is the owner of Common

Stock of Immunosyn Corporation ("Immunosyn" or the "Company").

2.      Immunosyn, a nominal defendant herein, is a Delaware corporation with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037.

3.      Defendant Argyll Biotechnologies, LLC ("Argyll Biotechnologies") is a Delaware limited liability company, with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. Defendants Douglas McClain, Jr. ("McClain") and James T. Miceli ("Miceli") respectively hold the offices of President and Chief Executive Officer of Argyll Biotechnologies. Argyll Biotechnologies is owned 50% by McLain and 50% by Miceli. McClain and Miceli each have a 50% pecuniary interest in transactions in Immunosyn Common Stock by Argyll Biotechnologies.

4.      Defendant Argyll Equities, LLC ("Argyll Equities") is a Texas limited liability company, with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. McLain and Miceli respectively hold the offices of President and Chief Executive Officer of Argyll Equities. Argyll Equities is owned 50% by McLain and 50% by Miceli. McClain and Miceli each have a 50% pecuniary interest in transactions in Immunosyn Common Stock by Argyll Equities.

5.      Defendant McClain is a United States citizen, with a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. McClain is the President of Argyll Biotechnologies and Argyll Equities.

6.      Defendant Miceli is a United States citizen, with a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. Miceli is the Chief Executive Officer of Argyll Biotechnologies and Argyll Equities.

2

## Jurisdiction and Venue

7.     This action is brought derivatively on behalf of Immunosyn pursuant to

Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78p

("§16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute.

Jurisdiction of this court and venue in this district are proper pursuant to 15 U.S.C. §78a(a)(a).

## The Governing Law

8.     Section 16(b) of the Exchange Act provides that if an officer, director or

beneficial owner of more than 10 percent of a class of equity securities of an issuer, purchases

and sells or sells and purchases shares of any equity security of such issuer within a period of less

than six months, any profits arising from those transactions are recoverable by the issuer or by a

shareholder suing derivatively on its behalf.

9.     Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where

two or more persons "act as a partnership, limited partnership, syndicate, or other group for the

purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section

13(d)(3) of the Exchange Act, such persons are deemed to be a "group" for purposes of

determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group

are aggregated to determine whether the group has a greater than 10% beneficial ownership in the

issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds

10%, each member of the group is deemed to be a greater than 10% beneficial owner and is

liable to disgorge profits which such group member earned in stock transactions effected within a

six-month period.

3

### Background Facts

10.     Argyll Biotechnologies, Argyll Equities, McClain, Miceli (collectively, the "Argyll Group"), constitute a group under §13(d)(3) of the Exchange Act. Defendants garnered short-swing profits disgorgeable to Immunosyn in the transactions hereinafter set forth. At all relevant times, Argyll Biotechnologies, Argyll Equities, McClain and Miceli separately were greater than 10% beneficial owners of Immunosyn Common Stock. Additionally, defendant McClain is an Immunosyn statutory insider by virtue of his status as an officer and director of the Company.

### The Purchase Transactions

11.     On August 23, 2007, Argyll Biotechnologies purchased 33,000 shares of Company Common Stock at a price per share of $4.55.

12.     On August 23, 2007, Argyll Biotechnologies purchased 80,000 shares of Company Common Stock at a price per share of $5.00.

13.     On June 21, 2007, Argyll Equities purchased 2,700,000 shares of Company Common Stock at a price per share of $0.001.

14.     On August 24, 2007, Argyll Equities purchased 250,000 shares of Company Common Stock at a price per share of $0.001.

### The Sale Transactions

15.     During the six month period both prior and subsequent to the foregoing purchases, the Argyll Group sold Immunosyn Common Stock as follows:

4

### Account of Argyll Equities

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 4-26-07 | 1,144,000 | $ 4.55 |
| 4-26-07 | 37,000 | 5.00 |
| 4-26-07 | 9,900 | 5.05 |
| 8-23-07 | 73,000 | 5.00 |
| 10-3-07 | 37,500 | 5.00 |
| 10-3-07 | 37,036 | 7.50 |
| 10-18-07 | 23,500 | 5.00 |
| 10-18-07 | 249,000 | 10.00 |

TOTAL SHARES SOLD:     1,610,936

### Account of Argyll Biotechnologies

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 4-26-07 | 77,000 | $ 3.25 |
| 4-26-07 | 166,100 | 4.55 |
| 4-26-07 | 124,000 | 4.84 |
| 4-26-07 | 45,000 | 5.00 |
| 7-20-07 | 127,100 | 5.00 |
| 7-20-07 | 4,000 | 5.00 |
| 10-3-07 | 375,000 | 0.67 |
| 10-3-07 | 25,000 | 2.00 |
| 10-3-07 | 119,400 | 5.00 |
| 10-3-07 | 140,202 | 7.50 |
| 10-18-07 | 1,000 | 5.00 |
| 10-18-07 | 114,067 | 7.50 |
| 10-24-07 | 16,000 | 5.00 |
| 11-01-07 | 5,333 | 7.50 |

TOTAL SHARES SOLD:     1,339,202

16.    All of the above-mentioned sales and purchases occurred while the Argyll Group (and each member of the Argyll Group) was a greater than 10% beneficial owner of the Company's Common Stock. The purchases and sales made by Argyll Equities and Argyll Biotechnologies are attributable to McClain and Miceli to the extent of their pecuniary interest in the transactions by such entities.

17.    The matching of purchases by Argyll Biotechnologies on August 23, 2007 of 33,000 shares at a price of $4.55 per share, and 80,000 shares at a price of $5.00 per share with sales on October 3, 2007 of a like number of shares at a price of $7.50, yields short-swing profits of $297,350 which must be returned to Immunosyn as damages for violation of §16(b).

18.    The matching of the purchases by Argyll Equities on June 21, 2007 of 2,700,000 shares at a price of $0.001 per share, and 250,000 shares August 24, 2007 at a price of $0.001 per share with sales during the period April 26 to October 18, 2007 yields short-swing profits of $8,758,854 which must be returned to Immunosyn as damages for violation of §16(b).

19.    In the alternative, the foregoing purchase and sales of Immunosyn Common Stock made by Argyll Equities and Argyll Biotechnologies are attributable to McLain and Miceli to the extent of their pecuniary interest in the transactions by such entities. Argyll Equities and Argyll Biotechnologies are each owned 50% by McLain and 50% by Miceli. As such, McClain and Miceli each have a 50% pecuniary interest in transactions in Immunosyn Common Stock by these entities.

20.    Upon information and belief, the matching of the purchases by Argyll Equities on June 21, 2007 of 2,700,000 shares at a price of $0.001 per share, and 250,000 shares August 24, 2007 at a price of $0.001 per share with sales by Argyll Equities and Argyll

6

Biotechnologies during the period April 26 to November 1, 2007 yields short-swing profits of at least $14,174,352 which are attributable 50% to McLean and 50% to Miceli, and must be returned to Immunosyn as damages for violation of §16(b).

## As And For A First Claim for Relief
## Against Argyll Biotechnologies

21.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20, *supra*, as if fully set forth herein.

22.    The matching of purchases by Argyll Biotechnologies on August 23, 2007 of 33,000 shares at price of $4.55 per share, and 80,000 shares at a price of $5.00 per share with sales on October 3, 2007 of a like number of shares at a price of $7.50, yields short-swing profits of $297,350 which must be returned to Immunosyn as damages for violation of §16(b).

23.    Additional damages may be assessed against defendant Argyll Biotechnologies as a result of additional purchases and sales of Immunosyn securities of which plaintiff is not aware.

24.    Accordingly, plaintiff is entitled to damages against Argyll Biotechnologies on behalf of Immunosyn in an amount which cannot be ascertained with precision at this time, but at least $297,350.

## As And For A Second Claim for Relief
## Against Argyll Equities

25.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24, *supra*, as if fully set forth herein.

7

26.     As itemized in paragraphs 13 through 15 and 18, *supra*, Argyll Equities is liable for the short-swing profits realized in trading in Immunosyn securities. These transactions yield short-swing profits of $8,758,854 that Argyll Equities must disgorge to Immunosyn for violation of §16(b).

27.     Additional damages may be assessed against Argyll Equities as a result of additional purchases and sales of Immunosyn securities of which plaintiff is not aware.

28.     Accordingly, plaintiff is entitled to damages on behalf of Immunosyn in an amount which cannot be ascertained with precision at this time, but at least $8,758,854.

**In the Alternative,**
**As And For A Third Claim for Relief**
**Against McClain and Miceli**

29.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28, *supra*, as if fully set forth herein.

30.     As itemized in paragraphs 11 through 16, 19 and 20, *supra*, defendants Argyll Biotechnologies and Argyll Equities engaged in purchase and sale transactions in Immunosyn Common Stock within the statutory short-swing period of §16(b) which are attributable to defendants McLain and Miceli to the extent of their respective pecuniary interests in such transactions.

31.     Upon information and belief, the matching of the purchases by Argyll Equities on June 21, 2007 of 2,700,000 shares at a price of $0.001 per share, and 250,000 shares August 24, 2007 at a price of $0.001 per share with sales by Argyll Equities and Argyll Biotechnologies during the period April 26 to November 1, 2007 yields short-swing profits of at

8

least $14,174,352 which are attributable 50% to McLean and 50% to Miceli, and must be returned to Immunosyn as damages for violation of §16(b).

32.      Additional damages may be assessed against defendants McLain and Mecili as a result of additional purchases and sales of Immunosyn securities of which plaintiff is not aware.

33.      Accordingly, plaintiff is entitled to damages on behalf of Immunosyn in an amount which cannot be ascertained with precision at this time, but at least $14,174,352.

### Allegations As To Demand

33.      On or about October 30, 2007, plaintiff made demand upon Immunosyn to commence this lawsuit.  The Company has failed to do so.  In a letter dated December 17, 2007, counsel for Immunosyn advised that the Company had reached a resolution of the claims set forth herein.

**WHEREFORE**, plaintiff demands judgment on behalf of Immunosyn Corporation against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       May 8, 2008

Yours, etc.

BRAGAR WEXLER EAGEL & SQUIRE, P.C.

885 Third Avenue
New York, New York 10022
(212) 308-5858

9

OSTRAGER CHONG FLAHERTY
& BROITMAN P.C.

By: _____
Glenn F. Ostrager

570 Lexington Avenue
New York, New York 10022-6894

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

LEON S. SEGEN, derivatively on behalf of
IMMUNOSYN CORPORATION,

       Plaintiff,

v.

ARGYLL BIOTECHNOLOGIES, LLC,
ARGYLL EQUITIES, LLC, DOUGLAS
MCCLAIN, JR., JAMES T. MICELI, and
IMMUNOSYN CORPORATION,

       Defendants.

Civil Action No. 07-11395 (TPG)

**DECLARATION**

ROBERTO L. GOMEZ, declares pursuant to 28 U.S.C. §1746:

1.     I am a member of the Bar of this Court and am associated with the firm of Ostrager Chong Flaherty & Broitman P.C., counsel for plaintiff LEON S. SEGEN in this action. I am competent to make this declaration and, except as otherwise stated, I have personal knowledge of the facts contained in this declaration.

2.     I hereby declare that on May 8, 2008, a true and accurate copy of the Amended Complaint was served on counsel for defendants by e-mail and by depositing same in the United States mail, first-class postage prepaid, addressed to:

> Barry G. Felder, Esq.
> Catherine McGrath, Esq.
> THELEN REID BROWN RAYSMAN
>    & STEINER LLP
> 875 Third Avenue
> New York, New York 10022
> Email: *bfelder@thelen.com*
> Email: *cmcgrath@thelen.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:   May 8, 2008
               New York, New York

_____
                Roberto L. Gomez