Barry G. Felder
Catherine M. McGrath
Rachel E. Kramer
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants
Argyll Biotechnologies, LLC, Argyll Equities, LLC,
Douglas McClain, Jr. and James T. Miceli

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
LEON S. SEGEN, derivatively on behalf of         :
IMMUNOSYN CORPORATION,                           :
                                                 :
                        Plaintiff,               :
                                                 :   Civil Action No. 07-11395 (TPG)
        -against-                                :
                                                 :
ARGYLL BIOTECHNOLOGIES, LLC,                     :   **ANSWER OF DEFENDANTS**
ARGYLL EQUITIES, LLC, DOUGLAS                    :   **ARGYLL BIOTECHNOLOGIES,**
MCCLAIN, JR., JAMES T. MICELI and                :   **LLC, ARGYLL EQUITIES, LLC,**
IMMUNOSYN CORPORATION,                           :   **DOUGLAS MCCLAIN, JR. AND**
                                                 :   **JAMES T. MICELI TO**
                        Defendants.              :   **PLAINTIFF'S AMENDED**
                                                 :   **COMPLAINT**
                                                 :
------------------------------------------------------------ x

Defendants Argyll Biotechnologies, LLC ("Argyll Bio"), Argyll Equities, LLC ("Argyll Equities"), Douglas McClain, Jr. ("McClain") and James T. Miceli ("Miceli"; collectively, "Defendants"), by their attorneys, Thelen Reid Brown Raysman & Steiner LLP, respond to plaintiff's amended complaint (the "Amended Complaint") as follows:

1.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2. Defendants admit the allegations in paragraph 2 of the Amended Complaint.

3. Defendants admit the allegations in paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations in paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations in paragraph 5 of the Amended Complaint, except deny that the La Jolla, California office is McClain's "principal" place of business.

6. Defendants admit the allegations in paragraph 6 of the Amended Complaint.

7. Defendants deny the allegations in paragraph 7 of the Amended Complaint, except admit that the action is brought derivatively on behalf of Immunosyn Corporation pursuant to Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p, and admit that jurisdiction and venue are proper in this district.

8. In response to paragraph 8 of the Amended Complaint, Defendants state that the allegations therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, Defendants deny the allegations in paragraph 8 and respectfully refer the Court to the cited statute for its contents and legal effect.

9. In response to paragraph 9 of the Amended Complaint, Defendants state that the allegations therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, Defendants deny the allegations in paragraph 9 and respectfully refer the Court to the cited rule for its contents and legal effect.

10. Defendants deny the allegations in paragraph 10 of the Amended Complaint, except admit that McClain is an officer and director of Immunosyn Corporation and admit that Argyll Bio, McClain and Miceli each were and have been the beneficial owners of 10% or more of the common stock of Immunosyn Corporation since its formation.

11. Defendants deny the allegations in paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations in paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations in paragraph 14 of the Amended Complaint.

15. Defendants admit that the dispositions alleged in paragraph 15 of the Complaint occurred on the dates, in the quantities and at the prices alleged therein, except deny that the alleged disposition of 375,000 shares by Argyll Bio on October 3, 2007 was made at the price alleged and further deny the remainder of the allegations in paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations in paragraph 16 of the Amended Complaint, except admit that Argyll Bio, McClain and Miceli each were and have been the beneficial owners of 10% or more of the common stock of Immunosyn Corporation since its formation

17. Defendants deny the allegations in paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations in paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations in paragraph 19 of the Amended Complaint, except admit that Argyll Equities and Argyll Bio are each owned 50% by McClain and 50% by Miceli.

20. Defendants deny the allegations in paragraph 20 of the Amended Complaint.

21. In response to paragraph 21 of the Amended Complaint, Defendants repeat and reallege the foregoing responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

22. Defendants deny the allegations in paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations in paragraph 24 of the Amended Complaint.

25. In response to paragraph 25 of the Amended Complaint, Defendants repeat and reallege the foregoing responses to paragraphs 1 through 24 of the Amended Complaint as if fully set forth herein.

26. Defendants deny the allegations in paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations in paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations in paragraph 28 of the Amended Complaint.

29. In response to paragraph 29 of the Amended Complaint, Defendants repeat and reallege the foregoing responses to paragraphs 1 through 28 of the Amended Complaint as if fully set forth herein.

30. Defendants deny the allegations in paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations in paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations in paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations in paragraph 33 of the Amended Complaint.

34. Defendants admit the allegations in paragraph 34 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

35. Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

36. Argyll Bio's August 23, 2007 acquisition of Immunosyn Corporation shares was a transfer for no consideration to correct a clerical error by the transfer agent and was not a "purchase" under Section 16(b) of the Securities Exchange Act.

### THIRD AFFIRMATIVE DEFENSE

37. Argyll Equities' acquisitions of Immunosyn Corporation shares on June 21, 2007 and August 24, 2007 were rescissions or forfeitures of prior transactions and were not "purchases" under Section 16(b) of the Securities Exchange Act.

### THIRD AFFIRMATIVE DEFENSE

38. The alleged purchases by Argyll Equities occurred pursuant to agreements entered more than six months prior to any of the alleged sales such that Defendants did not both purchase and sell shares of Immunosyn Corporation within a period of six months.

### FOURTH AFFIRMATIVE DEFENSE

39. The alleged purchases by Argyll Equities are exempt from Section 16(b) liability, if any, pursuant to 240 C.F.R. § 16b-3 because Argyll Equities, acting as a director-by-deputization of Immunosyn Corporation, acquired its right to obtain the shares at issue and its obligation to pay for them from Immunosyn Corporation.

### FIFTH AFFIRMATIVE DEFENSE

40. Defendants do not constitute a "group" for purposes of Section 16(b) of the Securities Exchange Act.

### SIXTH AFFIRMATIVE DEFENSE

41. Each of the alleged purchases by Argyll Equities was the exercise of an option to repurchase the shares at issue, and therefore the purchase price for purposes of calculating short-swing profits, if any, under Section 16(b) is the market price of the shares at the time of the exercise of the options rather than the exercise price.

WHEREFORE, Defendants demand judgment:

a. dismissing the Amended Complaint in its entirety; and

b. awarding to Defendants such other and further relief as the Court deems just and proper.

Dated: May 27, 2008

THELEN REID BROWN RAYSMAN
& STEINER LLP

By: s/ *Barry G. Felder*
    Barry G. Felder
    Catherine M. McGrath
    Rachel E. Kramer
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants Argyll Biotechnologies, LLC, Argyll Equities, LLC, Douglas McClain, Jr. and James T. Miceli

1709119

## CERTIFICATE OF SERVICE

I certify that on May 27, 2008, I served copies of the foregoing ANSWER OF DEFENDANTS ARGYLL BIOTECHNOLOGIES, LLC, ARGYLL EQUITIES, LLC, DOUGLAS MCCLAIN, JR. AND JAMES T. MICELI TO PLAINTIFF'S AMENDED COMPLAINT via the Court's Electronic Case Filing system upon counsel for plaintiff as follows:

Glenn Ostrager, Esq.
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
570 Lexington Avenue
New York, NY 10022-6894
E-mail: gostrager@ocfblaw.com

Paul Wexler, Esq.
BRAGAR WEXLER & EAGEL, P.C.
885 Third Avenue
New York, New York 10022
E-mail: wexler@bragarwexler.com

                                                   _s/ Barry G. Felder_
                                                     Barry G. Felder