



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- x
LEON S. SEGEN, derivatively on behalf of          :
IMMUNOSYN CORPORATION,                            :
                                                  :
                        Plaintiff,                :
                                                  :       Civil Action No. 07-11395 (TPG)
            -against-                             :
                                                  :
ARGYLL BIOTECHNOLOGIES, LLC,                      :       STIPULATION AND PROTECTIVE
ARGYLL EQUITIES, LLC, DOUGLAS                     :       ORDER GOVERNING THE
MCCLAIN, JR., JAMES T. MICELI, and               :       PRODUCTION AND EXCHANGE OF
IMMUNOSYN CORPORATION,                            :       CONFIDENTIAL INFORMATION
                                                  :
                        Defendants.               :
------------------------------------------------------- x
```

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties,

subject to the approval of the Court, that the following Stipulation and Order shall govern the

handling of documents (as described in Fed. R. Civ. P. 34(a)), depositions, deposition exhibits,

interrogatories, requests for admissions, responses, and other written, recorded, or graphic

matter, including any information contained therein, produced or exchanged during discovery by

any party to the action or by any third party (hereinafter sometimes referred to as a "producing

party") responding to a document request or deposition subpoena in this action and any portions

of transcripts or court papers that quote from or summarize the foregoing (hereinafter sometimes

referred to as "Discovery Material").

**1.    Use of Discovery Material.**

All discovery material shall be used by the party receiving such material solely

for the purposes of this action and for no other purpose.

**2.     Documents and Scope Defined.**

This Stipulation and Order shall apply to all Discovery Material hereafter provided by the producing party during the course of this litigation, whether written, oral, visual, electronic, or contained in documents or transcripts, or in any other form, that the producing party shall determine to be and designate as "confidential."

**3.     Confidential Documents.**

If the producing party reasonably believes in good faith that Discovery Material contains or discloses confidential information not readily known or available to the public, such party may designate the discovery material as "CONFIDENTIAL" by stamping or otherwise identifying such documents or information on their face as such. Confidential documents may include material non-public information, business plans, investor information, financial data and trade secrets, know-how, commercially sensitive information, and any other information for which a court could grant a Protective Order pursuant to Fed. R. Civ. P. 26(c)(7) prohibiting public disclosure of such information. This Stipulation does not represent an agreement as to what documents are Confidential but, rather, a mechanism by which the producing party can designate those materials to be treated as Confidential.

**4.     Disclosure of Confidential Documents.**

Except with the prior written consent of the producing party, or in accordance with the procedures set forth in paragraphs 10, 11 and 14, no document designated as Confidential, and no information contained therein, may be disclosed to any person other than:

> a.     **In-house and outside counsel for any party to this action who are actively engaged in the prosecution or defense of this action;**
>
> b.     **Secretaries, paralegal assistants, clerical personnel, and copying or document handling firms, employed by counsel who are actively engaged in assisting counsel (as described in item a. of this paragraph) with the prosecution or defense of this action;**

2

*The named plaintiff,*

c.    Directors, officers, and employees of any party to this action: (i) who are actively engaged in assisting counsel with the prosecution or defense of this action; or (ii) who are being advised by counsel regarding this action and the particular disclosure is reasonably necessary with regard to the legal advice being rendered;

d.    Persons or entities noticed for depositions or designated as trial witnesses, and their counsel, only to the extent reasonably and in good faith deemed necessary by counsel for any of the parties adequately to prepare such deponents and witnesses to testify; and

e.    Consultants and experts retained for the purpose of assisting with the prosecution or defense of this action.

Prior to and as a condition of disclosure of Confidential Information to any person described in the foregoing subparagraphs c., d., or e., such person shall sign and execute a written acknowledgment in the form annexed hereto as Exhibit "A" (the Acknowledgment") that he or she has read this confidentiality Stipulation and Order and agrees to be bound by its terms.

**5.    Limits of Stipulation**

This Stipulation and Order shall have no effect upon, and shall not apply to:

a .    The producing party's use of its own Confidential Information for any purpose; and

b.    Any party's use of any designated document or information legally developed or legally obtained by the party independent of discovery in this action or any court proceedings in this action; provided, however, that no party waives any rights it may otherwise have to seek to prevent disclosure of such documents or seek damages as a result of disclosure.

**6.    Party's Right to Designate Testimony**

Any deposition or other testimony may be designated as Confidential by counsel for the producing party by any one of the following means:

a.    Stating orally on the record of a deposition that certain information or testimony is Confidential, or that the entire deposition transcript is so designated; or

b.    Sending written notice within fifteen (15) business days of receipt of the deposition transcript designating all or a portion of the transcript as Confidential. The deposition testimony shall be treated as Confidential prior to the expiration of this period.

7.    **Use at Depositions**

Any party seeking to use Confidential Information during a deposition shall obtain a statement on the record that the deponent and any other persons in attendance have agreed to abide by the terms of this Stipulation and Protective order. If the deponent has refused to and continues to refuse to assent, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality, provided that, under such circumstances, the witness shall be asked to read and sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent. The terms of this Stipulation shall apply to those persons in attendance at depositions and shall require the exclusion of persons not subject to the terms of the Stipulation from attendance at that portion of the deposition at which Confidential Information is discussed.

8.    **Use of Designated Documents in Court Papers.**

Confidential documents, including deposition transcripts, may be referred to in interrogatory answers, motions, hearing, and briefs, and may be used at or in depositions and the trial and marked as exhibits in this action; provided, however, that no Confidential document shall be used for any of these purposes unless it, or the portion of the paper which discloses, describes or quotes the contents of any such document, is appropriately marked and separately filed under seal with the Clerk of the Court, and provided further that if any such documents are to be used at trial or at any court hearing, such documents shall be furnished to the Court after reasonable prior notice (of not less than one business day) to counsel for all parties, and to the producing party, and for a ruling as to whether the document should continue to be treated as Confidential and, if so, what protection, if any, shall be accorded to such information at the trial or hearing.

9.    **Effect of Designation on Authenticity and Admissibility.**

The placing of any confidentiality designation or a production identification label on the face of any document shall have no effect on the document's authenticity or admissibility

4

in this action.

### 10.    Objections to Designations.

If a party reasonably believes in good faith that a document, including a

deposition transcript, has been designated as Confidential which contains only:

      a.     Information already known to the persons or entities to whom such documents are to be disclosed, which information was obtained other than through discovery in this action;

      b.     Information otherwise available to the public; or

      c.     Information other than that described in paragraphs 3 then that party may object to the designation of such document or deposition transcript as Confidential under the procedures contained in paragraph 11.

### 11.    Notifications and Challenge.

Any of the parties to this action shall have the right to challenge any designation

of confidentiality under this Stipulation and Protective Order, and, in the event of such a

challenge, all parties shall have the obligation to use their best efforts in good faith to negotiate a

resolution of any such challenge without involving the Court. Any of the parties challenging the

designation of any Confidential Information shall notify the producing party in writing,

specifying the particular documents involved in the challenge, and stating what confidentiality

protection, if any, the challenging party believes should be afforded to the documents involved in

the challenge. In the event that the interested parties are unable to resolve their disagreements as

to confidentiality within a reasonable amount of time following receipt by the producing party of

written notice from the challenging party, the challenging party may file an appropriate motion

to alter or change the designation of the Discovery Material. The restrictions of this Order shall

apply to challenged documents or information unless and until the Court orders otherwise.

### 12.    Return of Documents.

Upon completion of the litigation in its entirety, and if requested by the producing

party, the original and all copies of all documents, interrogatory answers, responses to requests to

admit, and deposition transcripts containing Confidential Information shall be returned to

counsel for the producing party, with the parties to provide to counsel for the producing party a certificate reflecting such return. Outside counsel for the parties shall be entitled to retain all court papers, depositions and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product, provided that such outside counsel, and employees thereof, shall not disclose such documents or information except when required by order of any court or administrative agency, by subpoena, or by an agreement with the producing party, and then only on no less than 14 days advance notice to the producing party.

**13.    Inadvertent Production.**

If the producing party inadvertently produces or discloses any Confidential Information without marking it with the appropriate legend, the producing party may give notice to the receiving party, no later than thirty (30) days following the actual discovery of the disclosure, that the information should be treated in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

**14.    Application to Court.**

This Stipulation and Protective Order is without prejudice to the right of any interested party to apply to the Court, upon reasonable notice to the producing party, for an order permitting the disclosure of any Confidential Information or to apply for an order modifying or limiting this Stipulation and Protective Order in any respect.

**15.    Continuing Jurisdiction.**

All provisions of this Stipulation and Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this

6

matter for the purpose of enforcing this Stipulation and Protective Order.

### 16.   Production of Documents.

All documents subject to this Stipulation and Order shall be produced at the

producing party's place of business or as otherwise agreed by and between the parties. The

requesting party shall pay the reasonable copying costs for all documents requested during this

litigation.


**STIPULATED AND AGREED TO:**

BRAGAR WEXLER & EAGEL, P.C.

By: _____

Paul Wexler
885 Third Avenue
New York, New York 10022
(212) 308-5858
Attorneys for Plaintiff


OSTRAGER CHONG FLAHERTY &
BROITMAN P.C.

By: _____

Glenn Ostrager
570 Lexington Avenue
New York, NY 10022-6894
(212) 681-0600
Attorneys for Plaintiff

THELEN REID BROWN RAYSMAN
& STEINER LLP

By: _____

Barry G. Felder
Catherine M. McGrath
Rachel E. Kramer
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants


**SO ORDERED** this ___28th___ day of ___May___, 2008:

_____

Hon. Thomas P. Griesa, USDJ


NY#1714870

7

## EXHIBIT A

### To Stipulation and Protective Order
### Entered on _____, 2008

I have read the Stipulation and Protective Order Governing Disclosure (the "Order") entered by the Court on _____, 2008, in <u>Segen v. Argyll Biotechnologies, LLC et al.</u>, United States District Court (S.D.N.Y.) Case No. 07-CV-11395-TPG, a copy of which Order is attached to my copy of this statement. I understand the responsibilities and obligations the Order imposes on persons relating to the material encompassed by the Order. So as to enable me to view the material encompassed by the order, I hereby agree to comply with the Order, and consent to and waive any objection to the jurisdiction of the U.S. District Court for the Southern District of New York in connection with any action or proceeding initiated to enforce the Order.

_____

_____

_____
(Printed Name and Address)

Sworn to before me this
_____ day of _____, _____.

_____
Notary Public

8